**U N I T E D   S T A T E S   D I S T R I C T   C O U R T**
**D I S T R I C T   O F   N E W   J E R S E Y**

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

## LETTER OPINION

June 27, 2011

Raoul Bustillo
Koles, Burke & Bustillo, L.L.P.
2600 Kennedy Boulevard, Suite 1K
Jersey City, NJ 07306
    (*Attorney for Plaintiff Andre Doss*)

Paul Joseph Smyth
Marks O'Neill O'Brien & Courtney PC
6981 North Park Drive, Suite 300
Pennsauken, NJ 08109
    (*Attorney for Defendants Osty, Jakubowski, Conti, Nugent, Roselle Police Department, Borough of Roselle*)

David A. Schwartz
Schwartz & Posnock, Esqs.
99 Corbett Way, Suite 203
Eatontown, NJ 07724
    (*Attorney for Defendants Fortuna, Kaulfers, Mack, Mikolajczyk, Salerno, Parham, Linden Police Department, City of Linden*)

    **RE:   Doss v. Osty, et al.**
            **Civ. No. 10-3497 (WJM)**

Dear Counsel:

    This matter comes before the Court on the motion to dismiss filed by Defendants Joseph Osty, Matthew Jakubowski, Victor Conti, Thomas Nugent, Roselle Police

Department, and Borough of Roselle (collectively, "Roselle Defendants"), and the motion to dismiss filed by Defendants Douglas Fortuna, Joseph Kaulfers, William Mack, Kenneth Mikolajczyk, Scott Salerno, John Parham, Linden Police Department, and City of Linden (collectively, "Linden Defendants").  There was no oral argument. Fed. R. Civ. P. 78.  For the reasons stated below, the motions to dismiss are **GRANTED in part and DENIED in part**.

## I.   BACKGROUND

On April 1, 2009, Plaintiff Andre Doss was at his place of business, S&S&D Construction, in Roselle, New Jersey.  (Amended Compl. ¶ 17.)  That evening, four Roselle police officers and six Linden police officers lined up in front of the door to S&S&D Construction in order to execute a raid on the premises.  (Amended Compl. ¶ 22.)  A narcotics search warrant had been issued on March 25, 2009, authorizing such a raid.  (Amended Compl. ¶ 19.)  Defendant Detective Joseph Osty, a member of the Roselle Police Department, was first in the line of officers, and gained entry to S&S&D Construction's foyer using a battering ram.  (Amended Compl. ¶¶ 23-24.)  During the raid, Plaintiff was shot.  Detective Osty claims that he accidentally fired his weapon as a result of slipping while he was trying to kick down the door to the office where Plaintiff was sitting.  (Amended Compl. ¶ 33.)  Plaintiff, however, claims that Detective Osty aimed the gun at him when he came out of the office, that Plaintiff held out his hand and yelled "no," and that Detective Osty then purposefully fired his weapon at Plaintiff.  (Amended Compl. ¶¶ 28-29.)  After Plaintiff was shot, one or some of the police officers on the scene allegedly handcuffed him as he was bleeding from the gunshot wound.  (Amended Compl. ¶ 31.)  The search of S&S&D Construction that followed revealed no weapons or drugs.  (Amended Compl. ¶ 32.)  Plaintiff then filed a complaint on July 9, 2010, which was amended on July 14, 2010, against the Borough of Roselle, the City of Linden, the Linden and Roselle Police Departments, and various police officers from these police departments.  In response, the Linden Defendants filed their motion to dismiss on October 25, 2010, and the Roselle Defendants followed with their motion to dismiss on January 3, 2011.

## II.   DISCUSSION

Plaintiff's eight-count Amended Complaint asserts the following: (1) a Section 1983 claim for unreasonable seizure, use of excessive force, racially discriminatory treatment, cruel and unusual punishment, and violation of due process rights by Defendant Detective Joseph Osty ("Osty"); (2) a Section 1983 claim for unreasonable seizure, use of excessive force, racially discriminatory treatment, cruel and unusual punishment, and violation of due process rights by Defendants Detective Matthew

Jakubowski, Officer Victor Conti, Sergeant Thomas Nugent, Detective Douglas Fortuna, Officer Joseph Kaulfers, Officer William Mack, Detective Kenneth Mikolajczyk, Officer Scott Salerno, and Sergeant John Parham (collectively, "Police Officer Defendants");[1] (3) a Section 1983 claim against Defendants Borough of Roselle ("Roselle") and Roselle Police Department for the Constitutional violations by the Roselle police officers; (4) a Section 1983 claim against Defendants City of Linden ("Linden") and Linden Police Department for the Constitutional violations by the Linden police officers; (5) violations of Plaintiff's rights under the New Jersey Civil Rights Act by all Defendants; (6) assault and battery by all Defendants; (7) negligence as to Defendants Osty, Roselle Police Department, Roselle, Linden Police Department and Linden;[2] and (8) punitive damages as to all Defendants.

    A.    **<u>Motion to Dismiss Standard</u>**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true,[3] the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). The factual allegations must be sufficient to raise a plaintiff's

---

[1] The Court notes that Plaintiff states in his Amended Complaint that the claims brought against Defendant Osty and the Police Officer Defendants are brought against them "in their individual and official capacity." (Amended Compl. ¶¶ 2, 5.) However, for purposes of Section 1983, "a lawsuit against public officers in their official capacities is functionally a suit against the public entity that employs them." *Cuvo v. De Biasi*, 169 Fed. Appx. 688, 693 (3d Cir. 2006) (citing *McMillian v. Monroe County*, 520 U.S. 781, 785 n.2 (1997)). Because Plaintiff is also suing the City of Linden and the Borough of Roselle, the suit against the officers in their official capacities is redundant. *Cuvo*, 169 Fed. Appx. at 693; *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).

[2] Plaintiff does not contest the Roselle Defendants' argument that the New Jersey Tort Claims Act provides immunity for common law negligence committed during the course of duty, and agrees to the dismissal of Count Seven. (Pl.'s Opp. Br. to Roselle Defs., at 34.)

[3] This assumption of truth is inapplicable, however, to legal conclusions couched as factual allegations or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

right to relief above a speculative level, *see Twombly*, 550 U.S. at 570, such that the court may "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). Furthermore, the Plaintiff must "provide the 'grounds' of his 'entitlement to relief,'" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. While "[t]he plausibility standard is not akin to a 'probability requirement' ... it asks for more than a sheer possibility..." *Iqbal*, 129 S.Ct. at 1949 (2009).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir.1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Coll. Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002).

### B.    Qualified Immunity

Defendants argue that any allegations against the Linden and Roselle police officers fail because they are protected by qualified immunity. Qualified immunity shields government officials from personal liability where the right allegedly violated was not "clearly established" at the time of the incident. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A right is considered clearly established where "the contours of the right are sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Atkinson v. Taylor*, 316 F.3d 257, 261 (3rd Cir. 2003) (quoting *Anderson v Creighton*, 483 U.S. 635, 640 (1987)). Since qualified immunity is an immunity from suit, the Supreme Court has "stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991). As such, for any allegations against the Police Officer Defendants or Defendant Osty, the Court will additionally apply the qualified immunity doctrine to determine if the right was not "clearly established" at the time of the incident.

### C.    Count One – Section 1983 Claims Against Defendant Osty

To establish a Section 1983 claim, Plaintiff must show that (1) he was deprived of a Constitutional right, and (2) this deprivation was under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). In Count One, Plaintiff alleges that Defendant Osty

violated various Constitutional rights of Plaintiff's when he shot Plaintiff in the hand and chest, and when handcuffs were placed on Plaintiff after he was shot.[4]  Plaintiff further argues that these actions were motivated by "racial bias and racial animosity." (Amended Compl. ¶ 52.)  As such, Plaintiff alleges that violated his rights protecting against (1) unreasonable seizures and the use of excessive force (Fourth and Fourteenth Amendment), (2) racially discriminatory treatment (Fifth and Fourteenth Amendment),[5] (3) cruel and unusual punishment (Eighth and Fourteenth Amendment),[6] and (4) being seized and injured without due process of law (Fourteenth Amendment).

### 1. Excessive Force – Shooting

A claim of excessive force is analyzed under the Fourth Amendment's objective reasonableness standard.  *Graham v. Connor*, 490 U.S. 386, 388, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989).  Factors to consider in making a determination of reasonableness include the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he actively is resisting arrest or attempting to evade arrest by flight. *See Graham*, 490 U.S. at 396.  A court in making a reasonableness assessment also may consider: (1) the possibility that the persons subject to the police action are violent or dangerous; (2) the duration of the action; (3) whether the action takes place in the context of effecting an arrest; (4) the possibility that the suspect may be armed; and (5) the number of persons with whom the police officers must contend at one time. *See Sharrar v. Felsing*, 128 F.3d 810, 822 (3d Cir. 1997).

Plaintiff claims that Defendant Osty used excessive force when he intentionally shot Plaintiff.  The Roselle Defendants argue that Osty shot Plaintiff accidentally, and

---

[4] At this stage, Plaintiff is not sure which of the police officers on the scene were involved in his handcuffing.  However, this does not destroy Plaintiff's claim, as the principle that a "plaintiff's uncertainty as to which officers used excessive force does not negate the officers' potential liability" is "well-settled in this district." *Miller v. Woodhead*, Civ. No. 08-3092, 2011 U.S. Dist. LEXIS 20936, at *14-*15 (D.N.J. Mar. 2, 2011).  Since further discovery is needed before the extent of each officer's participation can be determined, for now Plaintiff's allegations related to the handcuffing will apply to all of the police officers who were on the scene, including Defendant Osty.

[5] Though Plaintiff's Amended Complaint cites the Fifth Amendment, Plaintiff later agreed with Defendants that the Fifth Amendment is not implicated. (Pl.'s Opp. Br. to Roselle Defs., at 29.)

[6] Though Plaintiff's Amended Complaint includes a cruel and unusual punishment claim, Plaintiff later withdrew this argument, recognizing that it does not apply here. (Pl.'s Opp. Br. to Linden Defs., at 31.)

that therefore his actions cannot constitute excessive force. *See Brower v. Inyo County*, 489 U.S. 593, 596 (1988) ("[T]he Fourth Amendment addresses 'misuse of power,' not the accidental effects of otherwise lawful government conduct." (internal citation omitted)). Furthermore, the Roselle Defendants claim that "[t]he fact that Osty slipped on a wet tile floor in an attempt to fully carry out the narcotics search warrant for the premises and plaintiff's person, accidentally discharging his weapon while doing so, does not mitigate the protection he is afforded by the qualified immunity doctrine." (Roselle Defs.' Moving Br. at 13.) Defendants argument is based on the facts as alleged in Osty's statement to the Union County Prosecutor's Office, which is referenced in Plaintiff's Amended Complaint. (*See* Amended Compl. ¶ 25.) While the Court may look to and consider such exhibits when deciding a motion to dismiss, viewing the facts in the light most favorable to Plaintiff still requires the Court to accept Plaintiff's version of the facts. Here, Plaintiff's version of the facts is that Osty did not slip at all, but instead purposefully shot Plaintiff. As such, Plaintiff has properly pleaded a Fourth Amendment claim of excessive force in Count One. Furthermore, Defendant Osty cannot assert qualified immunity at this time. The facts as alleged are that he unreasonably used deadly force when he purposefully shot Plaintiff, which would constitute a violation of "clearly established" constitutional right.

### 2. Excessive Force and Unreasonable Seizure – Handcuffing

Plaintiff further argues that Defendant Osty, or whichever police officers were involved with the handcuffing, violated his Fourth and Fourteenth Amendment rights by using excessive force and committing an unreasonable seizure when Plaintiff was handcuffed after being shot. Since this claim applies to the Police Officer Defendants as well as Defendant Osty, and since Plaintiff's excessive force claim against Defendant Osty already survives based on the shooting accusation, the excessive force and unreasonable seizure claim based on the handcuffing will be addressed in the Court's analysis of Count Two.

### 3. Racially Discriminatory Treatment

Plaintiff alleges in Count One that "Detective Osty's conduct was motivated, in part, by racial bias and racial animosity." (Amended Compl. ¶ 52.) However, Plaintiff makes no specific allegations of racial bias, other than that Plaintiff is black and Defendant Osty is white, and that the area where the shooting took place is predominantly black. (Amended Compl. ¶¶ 37-39.) Plaintiff has not alleged any facts that could support a claim of racially discriminatory animus. As such, Plaintiff has failed to state an independent claim for racial discrimination under the Fourteenth Amendment in Count One.

### D. Count Two – Section 1983 Claims Against the Police Officer Defendants

In Count Two, Plaintiff alleges that the Police Officer Defendants violated various Constitutional rights of his when handcuffs were placed on Plaintiff after he was shot by Osty, and when Osty's use of deadly force was subsequently covered up by the Police Officer Defendants. Plaintiff further argues that these actions were motivated by "racial bias and racial animosity." (Amended Compl. ¶ 62.) As such, Plaintiff alleges that the Police Officer Defendants violated his rights protecting against (1) unreasonable seizures and the use of excessive force (Fourth and Fourteenth Amendment), (2) racially discriminatory treatment (Fifth and Fourteenth Amendment),[7] (3) cruel and unusual punishment (Eighth and Fourteenth Amendment),[8] and (4) being seized and injured without due process of law (Fourteenth Amendment).

#### 1. Alleged Cover Up

Plaintiff's allegations in Count Two include that the Police Officer Defendants were "complicit in Defendant Osty's misconduct by covering up Osty's unlawful use of deadly force." (Amended Compl. ¶ 60.) However, Plaintiff admits that he did not actually allege a conspiracy in the Amended Complaint, though he claims it is implied. (Pl.'s Opp. Br. to Linden Defs., at 11, 28.) In order to properly allege a conspiracy under Section 1983, a plaintiff must "provide some factual basis to support the existence of the elements of a conspiracy." *Capogrosso v. Supreme Ct. of N.J.*, 588 F.3d 180, 185 (3d Cir. 2009). To establish such a claim, a plaintiff must show that "two or more conspirators reached an agreement to deprive him or her of a constitutional right under color of law." *Parkway Garage, Inc. v. City of Phila.*, 5 F.3d 685, 700 (3d Cir. 1993), *overruled on other grounds*, *UA Theatre Circuit v. Twp. of Warrington*, 316 F.3d 392 (3d Cir. 2003). Here, Plaintiff's only allegation is that the Police Officer Defendants helped cover up Defendant Osty's misconduct by telling investigators that they did not see Defendant Osty discharge his weapon. (Amended Compl. ¶ 42.) There is no allegation of any agreement among the officers to fabricate their version of events. Without any alleged agreement, Plaintiff has failed to state a claim of conspiracy.

---

[7] As stated above, though Plaintiff's Amended Complaint cites the Fifth Amendment, Plaintiff later agreed with Defendants that the Fifth Amendment is not implicated. (Pl.'s Opp. Br. to Roselle Defs., at 29.)

[8] As stated above, though Plaintiff's Amended Complaint includes a cruel and unusual punishment claim, Plaintiff later withdrew this argument, recognizing that it does not apply here. (Pl.'s Opp. Br. to Linden Defs., at 31.)

The Linden Defendants point out that alternatively, Plaintiff's claim regarding the alleged cover-up could be interpreted as an attempt to allege a deprivation of Plaintiff's First Amendment right to seek access to the courts. Interpreted this way, Plaintiff still fails to assert a claim, as a First Amendment claim must show that the defendants' pre-filing conduct renders the plaintiff's access to the courts "ineffective or meaningless." *Estate of Smith v. Marasco*, 318 F.3d 497, 511 (3d Cir. 2003). This has clearly not happened here since Plaintiff has successfully brought this action, and will be able to present evidence of his version of the facts. Therefore, Plaintiff has failed to state a claim against the Police Officer Defendants for the alleged cover-up under either a First Amendment theory or a Section 1983 conspiracy theory.[9]

### 2. Excessive Force and Unreasonable Seizure – Handcuffing

As addressed in the analysis of Count One above, a claim of excessive force is analyzed under the Fourth Amendment's objective reasonableness standard. *Graham v. Connor*, 490 U.S. 386, 388, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989). Factors to consider in making a determination of reasonableness include the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he actively is resisting arrest or attempting to evade arrest by flight. *See Graham*, 490 U.S. at 396. A court in making a reasonableness assessment also may consider: (1) the possibility that the persons subject to the police action are violent or dangerous; (2) the duration of the action; (3) whether the action takes place in the context of effecting an arrest; (4) the possibility that the suspect may be armed; and (5) the number of persons with whom the police officers must contend at one time. *See Sharrar v. Felsing*, 128 F.3d 810, 822 (3d Cir. 1997).

While the use of excessive force can constitute an unlawful "seizure" under the Fourth Amendment, the Court must consider whether the officers' use of force was objectively reasonable under the circumstances, regardless of the officials' underlying motive or intentions. *See Graham*, 490 U.S. at 395-97. The Supreme Court has held that police officers executing a search warrant for contraband have the authority "to detain the occupants of the premises while a proper search is conducted." *Michigan v. Summers*, 452 U.S. 692, 705 (1981) (finding such detention may be necessary as the execution of a warrant to search for drugs "is the kind of transaction that may give rise to sudden violence or frantic efforts to conceal or destroy evidence"). Furthermore, the Supreme

---

[9] Plaintiff also attempts to remedy any deficiencies in his Amended Complaint by providing, as an exhibit, a Second Amended Complaint. (Bustillo November 22, 2010 Cert., Ex. 5.) However, looking at Count Two as pleaded in the Second Amended Complaint, Plaintiff has still failed to allege any facts supporting an agreement between the Police Officer Defendants to lie to the Union County Prosecutor's Office.

Court has held that the use of handcuffs to detain a party during a search pursuant to a warrant may be constitutional, so long as the "governmental interests outweigh the marginal intrusion." *Muehler v. Mena*, 544 U.S. 93, 99 (2005).

Plaintiff contends that whichever police officers handcuffed him used excessive force in violation of the Fourth Amendment, since at that time he had been shot and was injured. Plaintiff does not challenge the validity of the search warrant, which authorized the Police Officer Defendants to search the premises of S&S&D Construction, as well as Andre Doss's person. (Linden Defs.' Moving Br., Ex. B.) Additionally, the affidavit accompanying the search warrant states that Plaintiff has two prior felony convictions for third-degree possession of cocaine and third-degree aggravated assault with a weapon. (Linden Defs.' Moving Br., Ex. C.) The affidavit further relays information provided by a confidential informant that Plaintiff "has been involved in the distribution of [c]ocaine from within the business of S&S&D Construction since December 2008." (*Id.*) Had Plaintiff not been injured at the time, it would appear that the handcuffing was reasonable under *Muehler*. Since Plaintiff was the subject of the investigation and had a criminal background that included a weapons charge, it was reasonable for the Police Officer Defendants to detain him while they searched the premises. However, Plaintiff additionally alleges that at the time he was handcuffed he was "wounded, bleeding, disabled, [and] lying on the floor," and that the handcuffing "caus[ed] Plaintiff to endure further pain." (Amended Compl. ¶¶ 31, 51, 61.) If Plaintiff can provide evidence to support these claims, he may be able to prove that the handcuffing constituted excessive force and an unreasonable seizure. Therefore, a decision regarding whether the handcuffing amounted to a violation of Plaintiff's Fourth Amendment rights, and whether it constituted a violation of a "clearly established" right for qualified immunity purposes, would be premature at this time. As such, Plaintiff's claim of excessive force and unreasonable seizure in Count Two remains.

### 3. Racially Discriminatory Treatment

As addressed under Count One, Plaintiff makes no allegations of racial bias or racial animosity by the Police Officer Defendants, other than that Plaintiff is black and Defendant Osty is white, and that the area where the shooting took place is predominantly black. For the same reasons as under Count One, Plaintiff fails to state an independent claim for racial discrimination under the Fourteenth Amendment in Count Two.

### E. Counts Three and Four – Section 1983 Claims Against Linden, Roselle, and the Linden and Roselle Police Departments

In Counts Three and Four, Plaintiff alleges that Defendants Linden, Linden Police

9

Department, Roselle, and Roselle Police Department (collectively, "Municipal Defendants") violated his constitutional rights by having a "policy, practice or custom of failing to adequately screen, train, supervise and discipline police personnel" that led to Constitutional violations by Defendant Osty and the Police Officer Defendants. (Amended Compl. ¶¶ 66, 70.)  Plaintiff further claims that the Municipal Defendants "were deliberately indifferent to the fact that [Osty and Police Officer Defendants] had histories of not complying with proper police procedure and of violating the law." (Amended Compl. ¶¶ 67, 71.)  Defendants argue that since municipal liability in a Section 1983 claim only attaches if the alleged violation is caused by the enforcement of an identified custom or policy, Plaintiff has not properly pled a *Monell* claim.

It is well established that local government units and supervisors cannot be held liable for the constitutional violations of their employees, "unless action pursuant to official municipal policy of some nature caused a constitutional tort" to be committed by such employees. *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 691 (1978).  Indeed, "it is [only] when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694.  For municipal liability to attach, a plaintiff must show that, "through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged." *Bd. of the County Comm'rs v. Brown*, 520 U.S. 397, 404 (1997).  The Supreme Court has "consistently refused to hold municipalities liable under a theory of *respondeat superior*." *Id.* at 403 (citations omitted).

Here, Plaintiff attempts to assert municipal liability by using boilerplate language in Counts Three and Four to allege that there was a "policy, practice or custom of failing to adequately screen, train, supervise and discipline police personnel." (Amended Compl. ¶¶ 66, 70.)  However, the facts as alleged by Plaintiff do not support this allegation. Plaintiff does not point to any specific policy by Roselle or Linden, or their police departments, that would have led to the alleged constitutional violations by the police officers.  Instead, he seems to speculate that based on his personal interaction with these police officers, it must be a policy of the police departments to violate constitutional rights when executing search warrants.  *See City of Okla. City v. Tuttle*, 471 U.S. 808, 824 (1985) (plurality) (stating that in the absence of a written policy that is itself unconstitutional, "considerably more proof than the single incident [of excessive police force] will be necessary in every case to establish both the requisite fault on the part of the municipality and the causal connection between the 'policy' and the constitutional deprivation"); *see also Gilmore v. Reilly*, Civ. No. 09-5856, 2010 U.S. Dist. LEXIS 35058, at *22-*23 (D.N.J. Apr. 9, 2010) ("Other than the alleged abuses to which they were subjected,  Plaintiffs have not pointed to a single case involving similar violations,

much less a pattern of wrongdoing."). Here, Plaintiff's allegations against the Municipal Defendants are based solely on the actions of Defendant Osty and the Police Officer Defendants during the raid on S&S&D Construction. Since Plaintiff's factual allegations do not support a claim of a "policy" or "custom," the conclusory allegations in Counts Three and Four fail to state a claim of *Monell* liability under Section 1983 against the Municipal Defendants.

### E. Count Five – New Jersey Civil Rights Act Claims Against all Defendants

Plaintiff makes the same constitutional claims against all Defendants under the New Jersey Civil Rights Act as under 42 U.S.C. § 1983 in Counts One through Four. Since the New Jersey Civil Rights Act is modeled after Section 1983, the analysis of the allegations is the same as the analysis applied to Counts One through Four. As such, the same outcome for Counts One through Four applies to Count Five: (1) Count Five is dismissed as to the Municipal Defendants since Plaintiff has not properly pled municipal liability; and (2) Plaintiff's claims of excessive force and unreasonable seizure under Count Five remain as to Defendant Osty and the Police Officer Defendants.

### F. Count Six – Assault and Battery Against all Defendants

In Count Six, Plaintiff alleges that: (1) Defendant Osty committed assault and battery when he shot Plaintiff; (2) the Police Officer Defendants "were complicit" in the assault and battery by covering up the shooting; and (3) the Municipal Defendants had "policies, practices or customs" that resulted in the harm suffered by Plaintiff. (Amended Compl. ¶¶ 78-81.) Defendants argue that since assault and battery are intentional torts, Defendant Osty is not liable since the shooting was an accident, and the other Defendants are not liable since they did not shoot Plaintiff.

A person is subject to liability for the common law tort of assault if: "(a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) the other is thereby put in such imminent apprehension." *Wigginton v. Servidio*, 324 N.J. Super. 114, 129, 734 A.2d 798 (App. Div. 1999) (quoting Restatement (Second) of Torts § 21). The tort of battery rests upon a non-consensual touching. *Perna v. Pirozzi*, 92 N.J. 446, 461, 457 A.2d 431 (N.J. 1983). Plaintiff claims that Defendant Osty committed the common law torts of assault and battery when Defendant Osty shot him. Specifically, Plaintiff alleges that Defendant Osty "recklessly, knowingly, willfully and/or intentionally [shot] Plaintiff in the hand and chest without lawful justification." (Amended Compl. ¶ 78.) Though Plaintiff asserts that Count Six is against all Defendants, and adds allegations that the

other Police Defendants "covered up the assault and battery" and that the Municipal Defendants had a "policy, practice or custom of failing to adequately screen, train, supervise and discipline police personnel," these allegations do not state a tort claim. Assault and battery are intentional torts, and Plaintiff only alleges intent regarding the shooting as to Defendant Osty.  Additionally, Defendant Osty is the only one alleged to have committed a "harmful or offensive contact."  As such, Count Six fails to state a claim of common law assault and battery as to the Municipal Defendants and the Police Officer Defendants.

Defendants further argue that Count Six fails to state a claim against Defendant Osty, since the shooting was accidental.  However, Plaintiff is correct that since he contends the shooting was intentional, there is a factual dispute regarding whether the shooting was on purpose or was an accident.  Since the facts as alleged by Plaintiff properly assert a claim of assault and battery against Defendant Osty, Count Six remains as against Defendant Osty only.

### G.    Count Eight – Punitive Damages as to all Defendants

Finally, in Count Eight Plaintiff claims he is entitled to punitive damages.  In order for Plaintiff to be entitled to punitive damages under 42 U.S.C. § 1983, he must show "evil motive or intent" on the part of at least one of the defendants, or that their conduct "involve[d] reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983).  Additionally, a claim of punitive damages is not a separate cause of action, but is instead just a claim for a particular type of relief.  Since Plaintiff has alleged "reckless or callous indifference" at least on the part of Defendant Osty, Plaintiff may maintain his claim for punitive damages as to Defendant Osty and the Police Officer Defendants.  However, since all claims against the Municipal Defendants have been dismissed, Plaintiff may not maintain a punitive damages claim against them. As such, Count Eight is dismissed as to the Municipal Defendants only.

### III.   CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss are **GRANTED in part and DENIED in part**.  Counts One and Two remain, insofar as they are based on theories of excessive force and unreasonable seizure arising out of the shooting and handcuffing of Plaintiff.  Counts Three, Four and Seven are dismissed in their entirety. Count Five is dismissed as to the Municipal Defendants, and remains as to Defendant Osty and the Police Officer Defendants insofar as it is based on theories of excessive force and unreasonable seizure.  Count Six remains as to Defendant Osty, and is dismissed as to all other Defendants.  Count Eight is dismissed as to the Municipal

12

Defendants, and remains as to Defendant Osty and the Police Officer Defendants. An Order accompanies this Letter Opinion.

 s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**
